UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:19-cv-01136-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 1] |

Plaintiff Angel Rodriguez is appearing pro se and in forma pauperis in this pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action on July 23, 2019, in the United States District Court for the Northern District of California. On July 29, 2019, the action was transferred to this Court and received on August 20, 2019. Therefore, Plaintiff's complaint filed on July 23, 2019, is before the Court for screening.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

1

or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint and first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On July 28, 2018, at approximately 5:13 p.m., officer Lee gave Plaintiff and his cellmate their dinner trays. After a couple minutes, both inmates noticed tobacco in their food trays and both of them ate a small portion of it. While the officers were still passing out the food trays, both inmates requested them to inspect their food and the officers verified that there was tobacco in their food. Pictures were taken and the lieutenant was notified of the incident. Plaintiff then requested medical attention because he felt dizzy and nauseous. Medical personnel Spears documented the incident but never took any stool samples or blood for possible infection. Spears simply said it was tobacco and left. Lieutenant Carroll took pictures of the tray and spoon and indicated the incident was logged by

officer Dunwoody. Both inmates were provided different trays, but they did not eat because of the previous incident. The Bureau of Prisons has a duty to protect inmates and the food they eat and make sure adequate medical treatment is provided.

## III.

## DISCUSSION

**A.     Exhaustion Under the Prison Litigation Reform Act (PLRA)**

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Exhaustion under the PLRA applies to claims under the FTCA, and this requirement is not satisfied by exhausting other processes, such as the administrative remedies necessary to pursue a FTCA

claim. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1062-63 (filing a complaint with the Department of Justice does not satisfy the PLRA's exhaustion requirement); Macia v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (an inmate "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims."); Jones v United States, 355 Fed.Appx. 117, 119 n.1 (10th Cir. 2009) ("The FTCA's claims procedure is separate from the Bureau of Prison's administrative remedies procedure."); Lopez-Heredia v. Univ. of Texas Med. Branch Hosp., 240 Fed.Appx. 646, 647 (5th Cir. 2007) (per curiam) (same); Ruiz v. Cox, No. EDCV 14-00733-CJC (MAN), 2015 WL 5577518, at *7 (C.D. Cal. July 29, 2015) ("The exhaustion requirements under the PLRA and the FTCA are distinct and separate; exhaustion under one does not constitute exhaustion under the other."), report and recommendation adopted by, 2015 WL 5567764 (C.D. Cal. 2015).

The federal Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate can seek redress of a complaint in relation to any aspect of his imprisonment. See 28 C.F.R. §§ 542.10(a). The inmate must first ordinarily seek to resolve the issue informally with prison staff using a BP-8 form. 28 C.F.R. 542.13(a); Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). If the complaint cannot be resolved informally, the inmate must present a formal administrative remedy request at the institution of confinement using a BP-9 form. 28 C.F.R. § 542.14(a); Nunez, 591 F.3d at 1219. The BP-9 must be submitted within 20 calendar days following the date of the date the grievance occurred, unless the prisoner can provide a valid reason for delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219.

If the BP-9 request is denied by the warden and the prisoner is not satisfied, he must then file an appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219. The BP-10 must be submitted within 30 calendar days of the date the warden responded to the BP-9, unless the prisoner provides a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

If the prisoner is dissatisfied with the Regional Director's response, the last step is to submit an appeal to the BOP General Counsel using a BP-11 form. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1219-1220. The BP-11 must be submitted within 30 calendar days of the date of the Regional

Director's response to the BP-10, with the same exception of a valid reason for the delay. 28 C.F.R. § 542.15(a); Nunez, 591 F.3d at 1220.

On the form complaint, in response to the question whether Plaintiff presented the facts in the complaint for review through the grievance procedure, Plaintiff explains "I filed a[n] administrative tort with the Western Regional Office May 7, 2019 which was denied. See claim TRT-WXR-2018-06456 & TRT-WXR-2019-04047. (Compl. at 1 at ¶ I(D); ECF No. 1.) Further, in response to whether Plaintiff appealed to the highest level of review, Plaintiff states, "I follow the process as it pertains to the federal tort claims act." (Id. at 2 ¶ I(F).) Thus, it appears from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. Accordingly, the court will order Plaintiff to show cause why this action should not be dismissed for failure to exhaust the administrative remedies. Plaintiff is advised that if the Court concludes that he failed to exhaust the administrative remedies, the dismissal will be without prejudice, to refiling if and when exhaustion of the administrative remedies is complete.

## IV.
## CONCLUSION

Accordingly, it is HEREBY ORDERED that"

1. Plaintiff must show cause in writing within **thirty (30) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit; and

2. <u>The failure to comply with this order or to show good cause will result in a recommendation to dismiss the action without prejudice.</u>

IT IS SO ORDERED.

Dated: __August 28, 2019__

_____
UNITED STATES MAGISTRATE JUDGE