UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NICHOLS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et. al.,*<br><br>        Defendants. | No.  1:19-cv-01136-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 18, 22) |

On July 7, 2019,[1] plaintiff Angel Rodriguez filed this tort action *pro se* and *in forma pauperis* against defendants United States of America and federal correctional officers for allegedly causing him to contract food poisoning while he was an inmate at USP Atwater.  (Doc. No. 1 at 1, 3.)  Given that this is a tort case, the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), governs when plaintiff may bring such a claim.  Relying on the six-month time limitation of § 2401(b), on January 13, 2020 defendants moved for summary judgment in their favor on the ground that the complaint is time-barred.  (Doc. No. 18-1 at 4-6.)  Defendants gave plaintiff notice to respond, (Doc. No. 18 at 2), but plaintiff did not timely oppose the motion for summary judgment.

/////

---

[1]  Plaintiff's complaint was received by the court on July 23, 2019, but is deemed filed on July 7, 2019—the date plaintiff signed the complaint—under the mailbox rule.  (*See* Doc. No. 22 at 4 n.2.)

1

1    In moving for summary judgment, defendants present a copy of a November 28, 2018
2 letter sent by the Bureau of Prisons (BOP) to plaintiff, denying his tort claim.  (Doc. No. 18-3 at
3 14.)  That letter was addressed to plaintiff at USP Atwater—the plaintiff's address of record used
4 when he filed the tort claim—by certified mail.  (*Id*. at 16.)  It was signed for by someone at USP
5 Atwater on December 3, 2018.  (*Id*.)  That letter clearly indicated that plaintiff was required to
6 bring suit within six months of the mailing of the letter.  (*Id*. at 14.)
7    On March 11, 2020, the magistrate judge issued findings and recommendations
8 recommending that defendant's motion for summary judgment be granted, reasoning that plaintiff
9 had failed to timely bring this action by May 28, 2019—six months after the mailing of the
10 above-mentioned letter—as required by § 2401(b).  (Doc. No. 22 at 3-4.)  The magistrate judge
11 also considered and found that plaintiff had failed to establish a genuine dispute as to his
12 entitlement to equitable tolling of the applicable statute of limitations, given his failure to oppose
13 defendants' motion for summary judgment.  (*Id.* at 5.)  Accordingly, the magistrate judge
14 recommended that summary judgment be entered against plaintiff.  (*Id.* at 6.)  Having carefully
15 reviewed this case *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C), the court agrees with the
16 pending findings and recommendations.
17    On April 7, 2020, plaintiff filed a document with the court which appears to be an attempt
18 to address the statute of limitations issue.  (Doc. No. 23.)  In it, plaintiff indicates that he was
19 transferred out of BOP custody on or about August 7, 2018 and was not returned to BOP custody
20 until January 22, 2019.[2]  (*Id.* at 1.)  It was during that period that the BOP issued its November
21 28, 2018 letter.  Construing plaintiff's April 7, 2020 filing liberally, plaintiff appears to be
22 suggesting that he did not receive the claim denial letter until he returned to BOP custody on
23 January 22, 2019.  Assuming this to be true, plaintiff still would have had four full months (from
24 January 22 until May 28, 2019) in which to prepare and file this lawsuit.  *See Kwai Fun Wong v.*
25 *Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (explaining that equitable tolling requires a litigant to
26 establish "that he has been pursuing his rights diligently").  Therefore, the information provided
27
28  [2] Plaintiff refers to having arrived at "OKC" during this period of time.

2

in plaintiff's April 7, 2020 filing does not suggest that he is entitled to equitable tolling of the applicable statute of limitations. It follows that there is no genuine dispute to as to the timeliness of his lawsuit.

Accordingly:

1. The March 11, 2020 findings and recommendations (Doc. No. 22) are adopted;
2. Defendants' motion for summary judgment (Doc. No. 18) is granted;
3. The Clerk of the Court is directed to enter judgment in favor of defendants; and
4. The Clerk of the Court is also directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **May 29, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE